LEE GREENSTEIN
ATTORNEY AT LAW
-----------
TEL: (518) 475-9844
FAX: (518) 475-9846

| | |
|---|---|
| 600 BROADWAY | 636 DELAWARE AVENUE |
| ALBANY, NEW YORK  12207 | DELMAR, NEW YORK  12054 |

May 29, 2008

Hon. Gary L. Sharpe
United States District Court Judge
United States Court House
445 Broadway
Albany, NY 12207

                        RE:     **USA v. Conley, et al**
                                    **Taron Robinson**
                                    **06-CR-394**

Dear Judge Sharpe;

I am submitting this pre-sentence submission on behalf of my client Taron Robinson scheduled for sentencing on June 11, 2008.

The only objection to the Guideline calculations contained in the Pre-Sentence Report (PSR) completed by U.S. Probation Officer Jay Driscoll is with respect to the Criminal History Category.  I have previously filed a written objection to the finding in the PSR of 1 criminal history point for my client's November 27, 2001 juvenile delinquent adjudication in Albany County Family Court.  Mr. Robinson was 14 years and was placed on probation for 1 year.

The objection to the 1 point allotment is based upon the following:

    1. A New York State Family Court adjudication is a civil finding wherein the individual is not held criminally responsible for his conduct. See, <u>U.S. v. Driskell</u>, 277 F.3d 150 (2d Cir 2002):

> Unlike the criminal defendant aged sixteen years or or older who may be eligible for a youthful offender adjudication, the alleged juvenile offender my have his criminal action removed to Family Court. CPL 210.32(1). Moreover, both juvenile delinquents and juvenile offenders … are, upon a finding of guilty or delinquent conduct, committed to the custody of New York's Division for Youth. NY PL 70.20(4)(a); NY Fam. Ctr. Act 301.2(3). Id. at 155.
>
> \*   \*   \*
>
> A person fourteen or fifteen years old of age is deemed criminally responsible for [murder] and other particularly violent crimes, such as kidnaping in the first degree or rape in the first degree, and for some crimes involving the criminal possession of a weapon but only when such a weapon is possessed on school grounds (PL 30.00(2)). Id. at fn6.

New York PL. 30.00(1) provides that **"except as provided in subdivision two of this section, a person less than sixteen years old is not criminally responsible for conduct"** (emphasis added). Grand Larceny 4th Degree, the charge that resulted in the defendant's 2001 juvenile delinquent adjudication (PSR par. 52), is not a crime enumerated in PL. 30.00(2) that would make a fourteen year old criminally responsible under New York State law.

2. "Juvenile status offenses" are listed as those "sentences" that are "never counted" under USSG 4A1.2(c)(2).

Based upon the foregoing it is respectfully submitted that the defendant should not be saddled with 1 criminal history point for the November 27, 2001 juvenile delinquent adjudication. As a result, the defendant's Criminal History should be category III, rather than category IV.

The advisory guideline range (Total Offense Level 27; Criminal History III) should therefore be 87 to 108 months. In assessing what would be an appropriate sentence within that proposed range we would ask the Court to consider the following factors.

The punishment that will result from the plea takes into account a stipulated amount of controlled substances and the possession of a firearm. The activities of the conspiracy members are detailed at length in the PSR. Nonetheless, my client was incarcerated for approximately two years prior to his release from New York State prison in August, 2006, and was arrested with respect to this matter 6 weeks later. While the Government will argue that he maintained his participation in the Jungle Junkies during this period of

incarceration through correspondence and telephone communication, the Court should take his level of participation into serious consideration in determining wherein the Guideline he range he should be sentenced.

Despite communications which suggest an interest in the group's rivalries while he was in prison, there is no proof that Taron maintained any management role or that he effectively directed any member's conduct during those two years. Compared to co-conspirators who maintained active roles through drug selling or other means, Taron's role, at least during that two year period, should be viewed as very minimal by comparison. In addition, from January, 2002 to August, 2004, Taron was in DFY facilities for approximately 23 out of those 32 months (see below), which simply limited his ability to maintain active participation in the group's activities.

Taron Robinson is 20 years old. He has spent a substantial portion of his teenage and young adult life in juvenile detention facilities and state prison. His father has spent significant periods of Taron's life in prison with respect to a marijuana distribution conspiracy, and there was a period when both his mother and father were incarcerated (PSR par. 63). While Taron's parents remain important figures in his life, and he maintains the support of a significant extended family, Taron's upbringing can only be viewed as tumultuous and unsettled. Taron indicated that he first smoked marijuana at age 8, and indicated that marijuana was "part of life" in his household (PSR par. 68).

Taron's life has mostly been in institutions since he was 14 years old. He was in Division For Youth (DFY) facilities during these periods: January, 2002 - January, 2003; February, 2003 - June, 2003; September, 2003 - December, 2003; February, 2004 - June, 2004. He was then in state prison from August, 2004 - August, 2006. As a 20 year old this Court should not view him as individual without a future, as it would be easy to assume that he will not resurrect his life. Taron presents as reasonably intelligent and was a promising basketball player in high school. In this case, after serious consultation with his parents, he chose from an early stage to resolve the matter with a plea rather than seek a trial.

The Court has great discretion within the Guideline range to send a message to Taron that the system has compassion and hope even for somebody who has spent most of his adult life in detention.

For all of the reasons set out herein, it is respectfully requested that the Court sentence Taron Robinson to a term of 87 months. It is also requested that Taron be placed in a BOP facility that is near his family in the Albany area, and that he receive a recommendation for the BOP drug treatment program to address his significant substance abuse history (PSR par. 68).

The Court's consideration of this important matter is greatly appreciated.

Very truly yours,

Lee Greenstein
LDG/lg

cc: AUSA Rick Hartunian
    PO Jay Driscoll
    Taron Robinson